UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAMPAIGN FOR SOUTHERN EQUALITY, *et al.*                    PLAINTIFFS

v.                                        CIVIL ACTION NO.: 3:16-CIV-442-CWR-LRA

PHIL BRYANT, in his official capacity, *et al.*                    DEFENDANTS

_____

**ANSWER AND DEFENSES OF PHIL BRYANT, IN HIS OFFICIAL CAPACITY AS
GOVERNOR OF THE STATE OF MISSISSIPPI , AND JOHN DAVIS, IN HIS
OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE MISSISSIPPI
DEPARTMENT OF HUMAN SERVICES**
_____

Defendants Phil Bryant, Governor of the State of Mississippi, in his official capacity

("Governor Bryant") and John Davis, Executive Director of the Mississippi Department of

Human Services, in his official Capacity ("Executive Director Davis") (collectively

"Defendants"),  file their answer and defenses to the Plaintiffs' Complaint [Dkt. No. 1]

("complaint") and state:

**ANSWER**

Defendants respond to the allegations in the complaint, paragraph-by-paragraph, as

follows:

**INTRODUCTION**

1.      Denied as stated.  Defendants admit only that the document referenced in

paragraph 1 of the complaint speaks for itself.  Any and all other remaining allegations contained

in paragraph 1 are denied and Defendants demand strict proof thereof.

2.      Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 2 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 2 are denied and Defendants demand strict proof thereof.

3.      Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 3 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 3 are denied and Defendants demand strict proof thereof.

4.      Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 4 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 4 are denied and Defendants demand strict proof thereof.

5.      Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 5 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 5, including subparts (a) through (e), are denied as stated and Defendants demand strict proof thereof.

6.      Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 6 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 6 are denied and Defendants demand strict proof thereof.

7.      Denied as stated.  Defendants admit only that the First Amendment to the United States Constitution referenced in paragraph 7 and judicial decision referenced in footnote 1 of paragraph 7 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 7 are denied and Defendants demand strict proof thereof.

8.      Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 8 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 8 are denied and Defendants demand strict proof thereof.   Footnote 2 contained in

paragraph 8 of the complaint contains no allegations requiring a response by Defendants.  If Defendants are mistaken in this regard, the allegations contained in footnote 2 of paragraph 8 are denied, and, furthermore, Defendants specifically deny that plaintiffs are entitled to any relief from this Court whatsoever.

**PARTIES**

9.      Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 9 speak for themselves.  Any and all other remaining allegations contained in paragraph 9 are denied and Defendants demand strict proof thereof.

10.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

11.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

12.      Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 12 speak for themselves.  Any and all other remaining allegations contained in paragraph 12 are denied and Defendants demand strict proof thereof.

13.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

14.      Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

15. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

16. Denied as stated. Defendants admit only that the letter referenced in paragraph 16 of the complaint speaks for itself. Any and all other remaining allegations contained in paragraph 16 are denied and Defendants demand strict proof thereof.

17. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

18. Denied as stated. Defendants admit only that the judicial decisions referenced in paragraph 18 speak for themselves. Footnote 3 contained in paragraph 18 of the complaint contains no allegations requiring a response by Defendants. If Defendants are mistaken in this regard, the allegations of footnote 3 of paragraph 18 are denied, and, furthermore, Defendants specifically deny that plaintiffs are entitled to any relief from this Court whatsoever. Any and all other remaining allegations contained in paragraph 18 are denied and Defendants demand strict proof thereof.

19. Denied as stated. Governor Bryant admits only that he is the Governor of the State of Mississippi and is sued in his official capacity. Any and all other remaining allegations contained in paragraph 19 are denied and Governor Bryant demands strict proof thereof.

20. Denied as stated.

21. The allegations contained in paragraph 21 of the complaint are directed to a co-defendant and require no response from Defendants. To the extent that an answer is later deemed required, and to the further extent that the allegations contained in paragraph 21 are

4

construed to adversely affect Defendants, the same are denied and Defendants demand strict proof thereof.

22.     Denied as stated.  Executive Director Davis admits only that he is the Executive Director of the Mississippi Department of Human Services and is sued in his official capacity. To the extent that the remaining allegations in paragraph 22 of the complaint refer to Mississippi statutory law, those laws speak for themselves.  Any and all other remaining allegations contained in paragraph 20 are denied and Executive Director Davis demands strict proof thereof.

23.     The allegations contained in paragraph 23 of the complaint are directed to a co-defendant and require no response from Defendants.  To the extent that an answer is later deemed required, and to the further extent that the allegations contained in paragraph 23 are construed to adversely affect Defendants, the same are denied and Defendants demand strict proof thereof.

24.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 24 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 24 are denied and Defendants demand strict proof thereof.

## JURISDICTION AND VENUE

25.     Denied as stated.  Defendants admit only that federal law referenced in paragraph 25 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 25 are denied and Defendants demand strict proof thereof.

26.     Denied as stated.  Defendants admit only that federal law referenced in paragraph 26 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 26 are denied and Defendants demand strict proof thereof.

27.     Denied as stated.  Defendants admit only that federal law referenced in paragraph 27 of the complaint speaks for itself.  Any and all remaining allegations contained in paragraph 27 are denied and Defendants demand strict proof thereof.

28.     Denied as stated.  Defendants admit only that federal law referenced in paragraph 28 of the complaint speaks for itself and they are residents of this District.  Any and all remaining allegations contained in paragraph 28 are denied and Defendants demand strict proof thereof.

## FACTS

A.     Denied as stated.  Defendants admit only that the Mississippi Constitution referenced in unnumbered paragraph A speaks for itself.  Any and all remaining allegations in unnumbered paragraph A are denied and Defendants demand strict proof thereof.

29.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 29 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 29 are denied and Defendants demand strict proof thereof.

30.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 30 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 30 are denied and Defendants demand strict proof thereof.

31.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 31 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 31 are denied and Defendants demand strict proof thereof.

32.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 32 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 32 are denied and Defendants demand strict proof thereof.

33.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 33 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 33 are denied and Defendants demand strict proof thereof.

34.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 34 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 34 are denied and Defendants demand strict proof thereof.

35.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 35 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 35 are denied and Defendants demand strict proof thereof.

36.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 36 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 36 are denied and Defendants demand strict proof thereof.

B.      Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph B. speaks for itself.  Any and all other remaining allegations contained in unnumbered paragraph B. are denied and Defendants demand strict proof thereof.

37.     Denied as stated.  Defendants admit only that the judicial decisions referenced in paragraph 37 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 37 are denied and Defendants demand strict proof thereof.

38.     Paragraph 38 of the complaint contains no allegations requiring a response by Defendants.  If Defendants are mistaken in this regard, the allegations of paragraph 38 are denied, and Defendants demand strict proof thereof.  Furthermore, to the extent that the allegations contained in paragraph 38 refer to H.B. 1523, the bill speaks for itself.

39.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 39 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 39 are denied and Defendants demand strict proof thereof.

(i)     Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph (i) speaks for itself.  Any and all other remaining allegations contained in unnumbered paragraph (i) are denied and Defendants demand strict proof thereof.

40.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

41.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

42.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

43.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

44.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 44 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

45.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

46.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 46 of the complaint speaks for itself.  Any and all other allegations contained in paragraph 46 are denied and Defendants demand strict proof thereof.

(ii)     Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph (ii) of the complaint speaks for itself.  Any and all other allegations contained in paragraph 46 are denied and Defendants demand strict proof thereof.

47.     Denied as stated.  Defendants admit only that H.B. 1523, and state and federal constitutional provisions referenced in paragraph 47 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 47 are denied and Defendants demand strict proof thereof.

48.     Denied as stated.  Defendants admit only that the state law referenced in paragraph 48 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 48 are denied and Defendants demand strict proof thereof.

49.     Denied as stated.  Defendants admit only that the state law referenced in paragraph 49 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 49 are denied and Defendants demand strict proof thereof.

50.     Denied as stated.  Defendants admit only that the state law referenced in paragraph 50 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 50 are denied and Defendants demand strict proof thereof.

51.     Denied as stated.  Defendants admit only that the state law referenced in paragraph 51 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 51 are denied and Defendants demand strict proof thereof.

52.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 52 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 52 are denied and Defendants demand strict proof thereof.

53.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 53 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

54.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 54 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 54 are denied and Defendants demand strict proof thereof.

55.     Denied as stated.  Defendants admit only that H.B. 1523 and RFRA, referenced in paragraph 55 of the complaint, including subparts (a) through (c), speak for themselves.  Any and all other remaining allegations are denied and Defendants demand strict proof thereof.

56.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 56 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 56 are denied and Defendants demand strict proof thereof.

57.     Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

58. Denied as stated. Defendants admit only that H.B. 1523 referenced in paragraph 58 of the complaint speaks for itself. Any and all other remaining allegations contained in paragraph 58 are denied and Defendants demand strict proof thereof.

59. Denied as stated. Defendants admit only that the judicial decisions referenced in paragraph 59 of the complaint speak for themselves. Any and all other remaining allegations contained in paragraph 59 are denied and Defendants demand strict proof thereof.

(iii) Denied as stated. Defendants admit only that H.B. 1523 referenced in unnumbered paragraph (iii) of the complaint speaks for itself. Any and all other allegations contained in unnumbered paragraph (iii) are denied and Defendants demand strict proof thereof.

60. Denied as stated. Defendants admit only that H.B. 1523 referenced in paragraph 60 of the complaint speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 60 of the complaint, therefore, the allegations are denied and Defendants demand strict proof thereof.

61. Denied as stated. Defendants admit only that the video transcript referenced in footnote 4 of paragraph 61 of the complaint speaks for itself. Footnote 4 contained in paragraph 61 of the complaint contains no allegations requiring a response by Defendants. If Defendants are mistaken in this regard, the allegations of footnote 4 of paragraph 61 are denied, and, furthermore, Defendants specifically deny that plaintiffs are entitled to any relief from this Court whatsoever. Any and all other remaining allegations contained in paragraph 61 are denied and Defendants demand strict proof thereof.

62. Denied as stated. Defendants admit only that the video transcript referenced in paragraph 62 of the complaint speaks for itself. Any and all other remaining allegations contained in paragraph 62 are denied and Defendants demand strict proof thereof.

63.     Denied as stated.  Defendants admit only that the video transcript referenced in paragraph 63 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 63 are denied and Defendants demand strict proof thereof.

64.     Denied as stated.  Defendants admit only that the video transcript referenced in paragraph 64 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 64 are denied and Defendants demand strict proof thereof.

65.     Denied as stated.  Defendants admit only that the web-site blog post referenced in paragraph 65 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 65 are denied and Defendants demand strict proof thereof.

66.     Denied as stated.  Defendants admit only that the Facebook post referenced in paragraph 66 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 66 are denied and Defendants demand strict proof thereof.

67.     Denied as stated.  Defendants admit only that the newspaper articles referenced in paragraph 67 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 67 are denied and Defendants demand strict proof thereof.

68.     Denied as stated.  Defendants admit only that internet website post referenced in paragraph 68 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 68 are denied and Defendants demand strict proof thereof.

69.     Denied as stated.  Defendants admit only that document referenced in paragraph 69 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 69 are denied and Defendants demand strict proof thereof.

70.     Denied as stated.  Defendants admit only that H.B. 1523 and the judicial decisions referenced in paragraph 70 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 70 are denied and Defendants demand strict proof thereof.

(iv)     Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph (iv) of the complaint speaks for itself.  Any and all other allegations contained in unnumbered paragraph (iv) are denied and Defendants demand strict proof thereof.

71.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 71 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 71 are denied and Defendants demand strict proof thereof.

72.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 72 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 72 are denied and Defendants demand strict proof thereof.

73.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 73 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 73 are denied and Defendants demand strict proof thereof.

74.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 74 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 74 are denied and Defendants demand strict proof thereof.

75.     Denied as stated.  Defendants admit only that H.B. 1523 and the judicial decision referenced in paragraph 75 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 75 are denied and Defendants demand strict proof thereof.

76.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 76 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 76 are denied and Defendants demand strict proof thereof.

77.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 77 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 77 are denied and Defendants demand strict proof thereof.

78.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 78 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 78 are denied and Defendants demand strict proof thereof.

79.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 79 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 79 are denied and Defendants demand strict proof thereof.

C.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph C. of the complaint speaks for itself.  Any and all other allegations contained in unnumbered paragraph C. are denied and Defendants demand strict proof thereof.

80.     Denied as stated.  Defendants admit only that H.B. 1523 and the judicial decisions referenced in paragraph 80 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 80 are denied and Defendants demand strict proof thereof.

(i)     Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph (i) of the complaint speaks for itself.  Any and all other allegations contained in unnumbered paragraph (i) are denied and Defendants demand strict proof thereof.

81.     Denied as stated.  Defendants admit only that H.B. 1523 and the judicial decisions referenced in paragraph 81 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 81 are denied and Defendants demand strict proof thereof.

82.     Denied as stated.  Defendants admit only that floor statements as reflected in the video transcript of the legislative debate of H.B. 1523 referenced in paragraph 82 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 82 are denied and Defendants demand strict proof thereof.

83.     Denied as stated.  Defendants admit only that floor statements reflected in the video transcript of the legislative debate and H.B. 1523 referenced in paragraph 83 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 83 are denied and Defendants demand strict proof thereof.

84.     Denied as stated.  Defendants admit only that the internet article referenced in paragraph 84 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 84 of the complaint are denied and Defendants demand strict proof thereof.

85.     Denied as stated.  Defendants admit only that the internet article referenced in paragraph 85 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 85 of the complaint are denied and defendants demand strict proof thereof.

(ii)     Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph (ii) of the complaint speaks for itself.  Any and all other allegations contained in unnumbered paragraph (ii) are denied and Defendants demand strict proof thereof.

86.     Denied as stated.  Defendants admit only that the federal laws referenced in paragraph 86 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 86 are denied and Defendants demand strict proof thereof.

87.     Denied as stated.  Defendants admit only that unidentified state and local laws and public universities' policies and procedures referenced in paragraph 87 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 87 of the complaint are denied and Defendants demand strict proof thereof.

88.     Denied as stated.  Defendants admit only that the University of Southern Mississippi employee handbook referenced in paragraph 88 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 88 are denied and Defendants demand strict proof thereof.

89.     Denied as stated.  Defendants admit only that the Jackson, Mississippi Code of Ordinance § 126-161 referenced in paragraph 89 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 89 are denied and Defendants demand strict proof thereof.

90.     Denied as stated.  Defendants admit only that the documents referred to in paragraph 90 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 90 are denied and Defendants demand strict proof thereof.

91.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 91 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 91 are denied and Defendants demand strict proof thereof.

92.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 92 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 92 are denied and Defendants demand strict proof thereof.

93.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 93 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 93 are denied and Defendants demand strict proof thereof.

94.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 94 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 94 are denied and Defendants demand strict proof thereof.

95.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 95 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 95 are denied and Defendants demand strict proof thereof.

96.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 96 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 96 are denied and Defendants demand strict proof thereof.

97.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 97 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 97 are denied and Defendants demand strict proof thereof.

98.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 98 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 98 are denied and Defendants demand strict proof thereof.

99.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 99 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 99 are denied and Defendants demand strict proof thereof.

(iii)     Denied as stated.  Defendants admit only that H.B. 1523 referenced in unnumbered paragraph (iii) of the complaint speaks for itself.  Any and all other allegations contained in unnumbered paragraph (iii) are denied and Defendants demand strict proof thereof.

100.     Denied as stated.  Defendants admit only that H.B. 1523 and the judicial decision referenced in paragraph 100 of the complaint speak for themselves.  Any and all other remaining allegations contained in paragraph 100 are denied and Defendants demand strict proof thereof.

101.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 101 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 101 are denied and Defendants demand strict proof thereof.

102.     Denied as stated.  Defendants admit only that the pleadings referenced in paragraph 102 of the complaint which relate to a separate judicial proceeding and H.B. 1523 also referenced in paragraph 102 speak for themselves.  Any and all other remaining allegations contained in paragraph 102 are denied and Defendants demand strict proof thereof.

103.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 103 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 103 are denied and Defendants demand strict proof thereof.

104.     Denied as stated.  Defendants admit only that H.B. 1523 referenced in paragraph 104 of the complaint speaks for itself.  Any and all other remaining allegations contained in paragraph 104 are denied and Defendants demand strict proof thereof.

105. Denied as stated. Defendants admit only that H.B. 1523 and the judicial decision referenced in paragraph 105 of the complaint speak for themselves. Any and all remaining allegations contained in paragraph 105 are denied and Defendants demand strict proof thereof.

106. Denied as stated. Defendants admit only that the judicial decision referenced in paragraph 106 of the complaint speaks for itself. Any and all remaining allegations contained in paragraph 106 are denied and Defendants demand strict proof thereof.

107. Denied as stated. Defendants admit only that H.B. 1523 referenced in paragraph 107 of the complaint speaks for itself. Any and all other remaining allegations contained in paragraph 107 are denied and Defendants demand strict proof thereof.

108. Denied as stated. Defendants admit only that H.B. 1523 referenced in paragraph 108 of the complaint speaks for itself. Any and all other remaining allegations contained in paragraph 108 are denied and Defendants demand strict proof thereof.

## FIRST CAUSE OF ACTION

109. Defendants incorporate by reference paragraphs 1 through 108 as if set forth fully herein.

110. Admitted only to the extent that Defendants are sued in their official capacities. It is denied that Plaintiffs are entitled to any relief from Defendants.

111. Denied as stated. Defendants admit only that the First Amendment to the United States Constitution, as applied against the States through the Fourteenth Amendment referenced in paragraph 111 of the complaint speaks for itself. Any and all other remaining allegations in paragraph 111 are denied and Defendants demand strict proof thereof.

112. Defendants are without knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 112 of the complaint and, therefore, deny the

allegations and demand strict proof thereof. As to the remaining allegations, Defendants admit only that H.B. 1523 speaks for itself. Any and all remaining allegations in paragraph 112 are denied and Defendants demand strict proof thereof.

113. Denied.

114. Denied.

## DECLARATORY AND INJUNCTIVE RELIEF

115. Defendants incorporate by reference paragraphs 1 through 114 as if set forth fully herein.

116. Denied.

117. Denied.

118. Denied.

## PRAYER FOR RELIEF

119. Denied.

120. Denied.

121. Denied.

122. Denied.

Any and all allegations contained in the complaint and any and all exhibits affixed thereto that have not been specifically and expressly admitted by Defendants are hereby denied.

## <u>DEFENSES</u>

### FIRST DEFENSE

The complaint should be dismissed for lack of subject matter jurisdiction.

### SECOND DEFENSE

The complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Defendants affirmatively assert their immunity as to some or all of the plaintiffs' claims pursuant to the Eleventh Amendment of the United States Constitution.

**FOURTH DEFENSE**

Defendants affirmatively asserts all common law and/or statutory immunities to which they may be entitled, including qualified immunity, as well as any other immunity-based defenses which are or may become available to Defendants upon further discovery.

**FIFTH DEFENSE**

Some or all of plaintiffs' claims are barred by their failure to exhaust their administrative remedies and/or satisfy the requisite statutory conditions precedent to asserting any cause of action against Defendants.

**SIXTH DEFENSE**

Defendants affirmatively asserts all defenses to which they are, or may become entitled to through discovery in this action, under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and/or any other applicable provisions of federal or state law.

**SEVENTH DEFENSE**

Some or all of plaintiffs' claims are barred by principles of federal/state comity and/or judicial abstention doctrines, including, but not limited to the *Pullman*, *Burford*, and *Colorado River* doctrines.

**EIGHTH DEFENSE**

Some or all of plaintiffs' claims are barred by their lack of standing, the mootness doctrine, because they are not ripe for judicial review, and/or are insufficient so as to warrant an award of injunctive or declaratory relief.

## NINTH DEFENSE

Some or all of plaintiffs' claims are barred by the doctrines of laches, waiver, and/or estoppel.

## TENTH DEFENSE

Defendants' affirmatively asserts all defenses which they are or may become available to them under Fed. R. Civ. P. 8(c) and/or 12(b).

**FOR THESE REASONS**, Defendants Phil Bryant, in his official capacity as Governor of the State of Mississippi and John Davis, in his official capacity as the Executive Director of the Mississippi Department of Human Services, respectfully request that their Answer and Defenses be received and that, upon the resolution of this action, the Court dismiss plaintiffs' complaint with prejudice, and thereafter grant them any other relief to which they may be entitled, including, but not limited to, an award of attorneys' fees pursuant to 42 U.S.C. § 1988, and/or any other applicable rule or statute.

THIS the 6th day of July, 2016.

Respectfully Submitted,

PHIL BRYANT, GOVERNOR OF THE STATE OF MISSISSIPPI, in his official capacity, and JOHN DAVIS, EXECUTIVE DIRECTOR OF THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES, in his official capacity

By:     JIM HOOD, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

By:     */s/ Tommy D. Goodwin*
        Tommy D. Goodwin (Bar No. 100791)
        SPECIAL ASSISTANT ATTORNY GENERAL

        *Counsel for Defendants Governor Phil Bryant and Executive Director John Davis*

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Telephone: (601) 359-5654
Facsimile: (601) 359-2003
tgood@ago.state.ms.us


**<u>CERTIFICATE OF SERVICE</u>**

  This is to certify that on this day I, Tommy D. Goodwin, Special Assistant Attorney

General for the State of Mississippi, electronically filed the foregoing document using the ECF

system which served a copy on all counsel of record:

  THIS, the 6th day of July, 2016.

       */s/ Tommy D. Goodwin*
       Tommy D. Goodwin