IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| Rims Barber, Carol Burnett, Joan Bailey, Katherine Elizabeth Day, Anthony Laine Boyette, Don Fortenberry, Susan Glisson, Derrick Johnson, Dorothy C. Triplett, Renick Taylor, Brandiilyne Mangum-Dear, Susan Mangum, and Joshua Generation Metropolitan Community Church,<br><br>            Plaintiffs,<br>  v.<br><br>Phil Bryant, Governor Of Mississippi; Jim Hood, Attorney General Of Mississippi; John Davis, Executive Director Of The Mississippi Department Of Human Services; and Judy Moulder, Mississippi State Registrar Of Vital Records,<br><br>            Defendants, | Cause No. 3:16-cv-417-CWR-LRA, consolidated with Cause No. 3:16-cv-442-CWR-LRA, |

## MEMORANDUM IN SUPPORT OF THE MOTION TO STAY PRELIMINARY INJUNCTION PENDING APPEAL

Defendant Phil Bryant, on behalf of the State of Mississippi, respectfully moves for a stay of the preliminary injunction pending appeal.

In deciding whether to stay a preliminary injunction pending appeal, a court must consider four factors: "(1) whether the stay applicant has made a strong

1

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013) (citations and internal quotation marks omitted). Each of these four factors cuts in favor of the State's motion.

I. THE STATE IS LIKELY TO SUCCEED ON APPEAL

Although we respect this Court and its decision, we believe that the Court's preliminary-injunction order is unlikely to survive appellate review. First, none of the plaintiffs has standing to challenge HB 1523. Second, HB 1523 is constitutional—and it is indistinguishable from federal statutes that protect the conscientious scruples of pacifists and abortion opponents. *See, e.g.*, *Gillette v. United States*, 401 U.S. 437 (1971); 42 U.S.C. § 238(n). Third, the Court erred by refusing to sever the discrete provisions of HB 1523, and by failing to leave in force section 3(1)(a), which even this Court admitted was constitutional.

A. None Of The Plaintiffs Has Standing To Challenge HB 1523

To establish Article III standing, a plaintiff must show (1) an "injury in fact," (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a favorable judicial decision." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of proof on each of these elements, and a plaintiff's complaint must "clearly . . . allege facts demonstrating" that each of these requirements is satisfied. *Id.* The plaintiffs must also show how HB 1523 will inflict a "concrete and particularized" injury on them—an injury that is both "imminent" and "certainly impending," rather than speculative or conjectural. *Clapper v. Anmesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013).

The injuries described in the Court's opinion of June 30, 2016, are too speculative to support Article III standing. The Court claims, for example, that HB 1523 will subject the plaintiffs "to a wide range of arbitrary denials of service at the hands of public employees and private businesses." Memorandum Opinion and Order (doc. 39) at 19. But the plaintiffs did not even allege — either in their complaint or in the memorandum supporting their motion for preliminary injunction — that they will suffer "arbitrary denials of service" from anyone in Mississippi if HB 1523 is allowed to take effect. And the Court's claim that the plaintiffs will encounter "arbitrary denials of service" is unsupported by any evidence in the record.

Even before HB 1523, Mississippi law has permitted businesses to discriminate on account of sexual orientation. There is no allegation or evidence that this regime caused homosexuals to suffer "arbitrary denials of service" from businesses or government officials, and there is no allegation that any of the twelve plaintiffs will be victimized in this fashion if HB 1523 is allowed to take effect. The Court's discussion of the University of Southern Mississippi's anti-discrimination policy does nothing to establish standing because none of the plaintiffs claim to attend or work at that University. And no plaintiff has alleged or shown that the partial preemption of the City of Jackson's anti-discrimination ordinance will cause him to suffer discrimination from private citizens or public officials.

The plaintiffs' filings in this Court have also failed to allege any Article III injury from the State's decision to protect the conscientious scruples of those who oppose same-sex marriage, non-marital sexual relations, or transgender behavior. The plaintiffs allege that they are "offended" by the State's decision to shield these individuals from penalty or punishment. Amended Complaint (doc. 35) at ¶ 19; *see also* Amended Memo In Support of Motion for Preliminary Injunction (doc. 14) at 2. But an unfulfilled desire to see other people penalized or punished by the

State is an ideological grievance; it does not qualify as "injury in fact." *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982).

The plaintiffs also claim that HB 1523 injures them because it "endorse[s]" the beliefs and convictions that the statute protects, which in turn "conveys a state-sponsored message of disapproval and hostility to those who do not share those beliefs and convictions." Amended Complaint (doc. 35) at 5. But it is simply false to equate a statute that protects the conscientious scruples of moral and religious dissidents with an "endorsement" of those dissident beliefs. Consider the Military Selective Service Act of 1967, which exempts from military conscription those "who, by reason of religious training and belief, [are] conscientiously opposed to participation in war in any form." Pub. L. 90-40, § 7; *see also Gillette v. United States*, 401 U.S. 437 (1971) (rejecting an establishment-clause challenge to this statute). That is obviously not an "endorsement" of pacifist beliefs—on the contrary, the statute assumes that the nation will on occasion go to war, and that it will conscript U.S. citizens to fight in those wars. Laws that protect the conscientious scruples of abortion opponents likewise do not "endorse" those anti-abortion beliefs, nor do they express "disapproval" or "hostility" toward those who support abortion.

### B. HB 1523 Is Constitutional

The Court's analysis of the merits is also unlikely to survive appellate review. On equal protection, this Court held that HB 1523 failed rational-basis review, but that conclusion is untenable. HB 1523 has an obvious rational basis: Protecting the citizens of Mississippi from being forced or pressured to act in a manner contrary to their deeply held religious or moral beliefs. The Court complains that HB 1523's protections "creates a vehicle for state-sanctioned discrimination on the basis of

4

sexual orientation and gender identity," but that observation reflects nothing more than the Court's disagreement with Mississippi's decision to prioritize freedom of conscience over anti-discrimination norms. *See Heller v. Doe*, 509 U.S. 312, 319 (1993) ("[R]ational-basis review . . . is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.") (citations and internal quotation marks omitted). And the Court's holding that HB 1523 reflects "animus" against homosexuals is entirely unsupported. Indeed, the floor statements of Mississippi legislators uniformly say that they supported the law to protect religious freedom, not to impose penalties on any disfavored class.

The Court's analysis of the establishment clause is also mistaken. It is perfectly acceptable for the government to choose the conscientious scruples that it will protect and accommodate, while withholding those protections and accommodations from other deeply held beliefs. The Selective Service Act of 1967, for example, exempted from military conscription those who were "conscientiously opposed to participation in war in any form." Pub. L. 90-40, § 7. But the Act refused to exempt those who objected to a *particular* war—it protected only those who objected to *all* war. Nevertheless, the Supreme Court held that Congress's decision to protect only the conscientious scruples of across-the-board pacifists was consistent with the establishment clause, even though it denied protections to other deeply held religious beliefs. *See Gillette v. United States*, 401 U.S. 437 (1971). The political branches may decide that some beliefs are worthy of special protections and accommodations, while other beliefs aren't. It is the prerogative of the political branches to decide whether—and to what extent—these conscientious scruples should be protected.

Finally, for the reasons discussed above in our discussion of standing, there is no evidentiary support for the Court's finding that HB 1523 will impose harms on

third parties, since no plaintiff has alleged or proven that he will suffer any concrete injury if HB 1523 is implemented.

### C. The Court's Refusal To Sever The Provisions Of HB 1523 Is Unlikely To Survive Appellate Review

Even if the Court's analysis of standing and the merits are correct, the preliminary injunction is *still* unlikely to survive appellate review because it disregards Mississippi severability law and treats the provisions of HB 1523 as a unified whole that stands or falls together. *See* Memorandum Opinion and Order (doc. 39) at 60 (enjoining the defendants from "enacting or enforcing HB 1523"). This was error. Each section, subsection, and sentence of HB 1523 is severable from the others. *See* Miss. Code Ann. § 1-1-31 ("If any chapter, article, section, paragraph, sentence, clause, phrase or any part of the Mississippi Code of 1972 is declared to be unconstitutional or void, or for any reason is declared to be invalid or of no effect, the remaining chapters, articles, sections, paragraphs, sentences, clauses and phrases shall be in no manner affected thereby but shall remain in full force and effect."). And this Court acknowledged in its memorandum opinion that the Constitution allows Mississippi to enact and enforce section 3(1)(a) of HB 1523, which protects "religious organizations" that decline to solemnize a same-sex marriage. *See* PI Order at 12 ("There is nothing new or controversial about [section 3(1)(a)]. Religious organizations already have that right under the Free Exercise Clause of the First Amendment."). There is no justification for this Court's refusal to sever section 3(1)(a) from the rest of HB 1523. *See Virginia v. Hicks*, 539 U.S. 113, 121 (2003) ("Severab[ility] is of course a matter of state law."); *Voting for America, Inc. v. Steen*, 732 F.3d 382, 398 (5th Cir. 2013) ("Severability is a state law issue that binds federal courts.")

## II. THE STATE WILL SUFFER IRREPARABLE INJURY ABSENT A STAY

The State will suffer irreparable injury absent a stay because the Court's injunction prevents the State from enforcing a duly enacted statute. *See Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) ("When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws."); *see also Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers).

## III. THE PLAINTIFFS WILL NOT BE INJURED BY A STAY

The plaintiffs have not even alleged, let alone produced evidence, that they will suffer discrimination at the hands of public or private actors if HB 1523 is allowed to take effect. And the "offense" that they have taken from Mississippi's decision to protect the conscientious scruples of those who oppose same-sex marriage is not a legally cognizable harm.

## IV. A STAY PENDING APPEAL IS IN THE PUBLIC INTEREST

A stay pending appeal is in the public interest because the statutory policy of the Legislature "is in itself a declaration of the public interest." *Virginian Ry. Co. v. Sys. Fed'n No. 40*, 300 U.S. 515, 552 (1937). If the Court agrees with the State that it is likely to prevail in its appeal, then a stay pending appeal is by definition in the public interest. *See Berman v. Parker*, 348 U.S. 26, 32 (1954) ("Subject to specific constitutional limitations, when the legislature has spoken, the public interest has been declared in terms well-nigh conclusive.").

## CONCLUSION

The motion to stay the preliminary injunction pending appeal should be granted.

                                    Respectfully submitted.

                                    Phil Bryant, in his official capacity as
                                    Governor of the State of Mississippi

By:     /s/ Drew L. Snyder
           Drew L. Snyder (Bar No. 102546)
           Office of Governor Phil Bryant
           P.O. Box 139
           Jackson, MS 39205
           (601) 359-3150
           drew.snyder@governor.ms.gov

           Counsel for Phil Bryant,
           in his official capacity as
           Governor of the State of Mississippi

Dated: July 7, 2016

# CERTIFICATE OF SERVICE

I certify that on July 7, 2016, this document was served on counsel of record through the Court's CM/ECF Document Filing System.

    /s/ Drew L. Snyder
Drew L. Snyder (Bar No. 102546)
Office of Governor Phil Bryant
P.O. Box 139
Jackson, MS 39205
(601) 359-3150
drew.snyder@governor.ms.gov

Counsel for Phil Bryant,
in his official capacity as
Governor of the State of Mississippi