IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RIMS BARBER; CAROL BURNETT; JOAN BAILEY; KATHERINE ELIZABETH DAY; ANTHONY LAINE BOYETTE; DON FORTENBERRY; SUSAN GLISSON; DERRICK JOHNSON; DOROTHY C. TRIPLETT; RENICK TAYLOR; BRANDIILYNE MANGUM-DEAR; SUSAN MANGUM; JOSHUA GENERATION METROPOLITAN COMMUNITY CHURCH; CAMPAIGN FOR SOUTHERN EQUALITY; and SUSAN HROSTOWSKI**                                                   **PLAINTIFFS**

**V.**                                                                                                **CAUSE NO. 3:16-CV-417-CWR-LRA
                                                                                                          and
                                                                                                          CAUSE NO. 3:16-CV-442-CWR-LRA**

**PHIL BRYANT, Governor; JIM HOOD, Attorney General; JOHN DAVIS, Executive Director of the Mississippi Department of Human Services; and JUDY MOULDER, State Registrar of Vital Records**                                                   **DEFENDANTS**

**ORDER**

Before the Court are motions to stay filed by Governor Phil Bryant and Department of Human Services Executive Director John Davis. The motions are fully briefed and ready for review.[1]

**I.      Background**

These cases present a constitutional challenge to House Bill 1523, a new Mississippi law which would have gone into effect on July 1, 2016 had this Court not issued a preliminary injunction. The Memorandum Opinion granting the injunction found that the plaintiffs were substantially likely to succeed on their claims that HB 1523 violates the First and Fourteenth

---

[1] The movants filed a rebuttal only in No. 3:16-cv-442. Their argument will be carried over into No. 3:16-cv-417 as if it was dual-filed.

Amendments to the United States Constitution. The other factors of the preliminary injunction standard, including the public interest inherent in stopping an HB 1523-inspired economic boycott of this State, all supported enjoining the bill and maintaining the status quo.

The movants filed notices of appeal and motions to stay pending the outcome of their appeal. Two business days later, however, before any response was due, they filed their motions to stay in the United States Court of Appeals for the Fifth Circuit.

It is not clear that that procedure was correct, *see Ruiz v. Estelle*, 650 F.2d 555, 566 (5th Cir. 1981), but it is in no one's interest to engage in motion practice on that issue or delay the resolution of this case for a limited remand. The Court has accordingly expedited its review of the motions to stay. It now denies them and passes the baton to the Court of Appeals.

## II.   Law

The legal standard is well-established:

> We consider four factors in deciding a motion to stay pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. The first two factors . . . are the most critical.

*Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quotation marks and citation omitted). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (quotation marks and citation omitted).

"There is substantial overlap between these and the factors governing preliminary injunctions; not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.* at 434 (citation omitted).

"[T]he movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz*, 650 F.2d at 565 (citations omitted).

**III.   Discussion**

   **A.   Strong Showing of Success on the Merits**

The movants first argue that (1) the plaintiffs lack standing; (2) HB 1523 is akin to federal exemption laws protecting pacifists and abortion opponents; and (3) the Court should have severed discrete portions of the bill. None of these reasons present a strong showing that movants are likely to succeed on the merits of their appeal.

The plaintiffs have standing to bring their Equal Protection claim under the Supreme Court's decision in *Romer v. Evans*, 517 U.S. 620 (1996). In that case, the plaintiffs were permitted to challenge an anti-LGBT Colorado law that "would subject them to immediate and substantial *risk* of discrimination on the basis of their sexual orientation." 517 U.S. at 625 (emphasis added). Evidence adduced at a two-day hearing shows that the same is true here. In particular, several plaintiffs live and work in the City of Jackson, which will no longer be able to enforce its anti-discrimination ordinance. And movants seem unaware that one of the plaintiffs works at the University of Southern Mississippi,[2] which also will be unable to enforce its anti-discrimination policy if HB 1523 goes into effect.[3]

Precedent also confirms that the plaintiffs have standing to bring their Establishment Clause claim. In *Croft v. Governor of Texas*, the Fifth Circuit held that a public school's moment of silence was sufficiently injurious to confer standing, notwithstanding the State's argument that

---

[2] This may be because, even though the record has been prepared, the appellants did not attend the two-day evidentiary hearing, and are now represented by different counsel who also did not attend the hearing.
[3] The University of Mississippi and Mississippi State University have similar policies.

a moment of silence was not a "specific injury." 562 F.3d 735, 745 (5th Cir. 2009). And in *Van Orden v. Perry*, 545 U.S. 677, 682 (2005), the plaintiff had standing to challenge the display of a Ten Commandments monument on public property. *See Van Orden v. Perry*, No. A-01-CA-833-H, 2002 WL 32737462, at *2 (W.D. Tex. Oct. 2, 2002), *aff'd,* 351 F.3d 173 (5th Cir. 2003), *aff'd,* 545 U.S. 677 (2005) ("In light of the very liberal interpretation which the courts have given to the concept of standing in Establishment Clause cases, the Court finds that Plaintiff Van Orden has succeeded in crossing the threshold and demonstrating his standing to bring this suit."); *see also Am. Civil Liberties Union of Mississippi v. Mississippi State Gen. Servs. Admin.*, 652 F. Supp. 380, 382 (S.D. Miss. 1987) (finding that City of Jackson residents had standing to challenge "offensive" illuminated cross on state office building located in Jackson). It is difficult to see why a person has standing to challenge a moment of silence or a monument, but somehow does not have standing to challenge a law which tangibly and materially affects his or her legal rights. There simply is no standing defect in this case.

Second, as the Court's Memorandum Opinion laid out, HB 1523 is not like federal laws which permit persons to opt-out of going to war or performing abortions. *See Gillette v. United States*, 401 U.S. 437 (1971). In addition, issuing a marriage license to a gay couple is not like being forced into armed combat or to assist with an abortion. Matters of life and death are sui generis. If movants truly believe that providing services to LGBT citizens forces them to "tinker with the machinery of death," their animus exceeds anything seen in *Romer*, *Windsor*, or the marriage equality cases. *Callins v. Collins*, 510 U.S. 1141, 1145 (1994) (Blackmun, J., dissenting).

Even if the *Gillette* argument was a strong showing of success on the merits, however, movants have not presented any argument challenging the Court's other Establishment Clause

4

finding. A separate line of cases indicates that HB 1523 is unconstitutional because its exemption would impose significant burdens on other citizens and entities.[4] *See Estate of Thornton v. Caldor*, 472 U.S. 703, 704-05 (1985). That is an independent constitutional violation meriting denial of a stay.

Lastly, HB 1523 did not qualify for severance. Every section of the bill explicitly incorporated § 2. Since § 2 was enjoined, the entire bill was rendered inoperable. Movants' theory may apply in the future, though, depending on the appellate court's ruling and reasoning.

For these reasons, the movants have not made a strong showing of success on the merits.

### B.     The Remaining Factors

The movants' arguments on factors two, three, and four run less than a page and may be resolved in short order.

Although the movants contend that they are being irreparably injured because Mississippi cannot enforce HB 1523, enjoining this particular piece of legislation results in no injury to the State or its citizens. A Mississippian – or a religious entity for that matter – holding any of the beliefs set out for special protection in § 2 may invoke existing protections for religious liberty, including Mississippi's Constitution, Mississippi's Religious Freedom Restoration Act, and the First Amendment to the United State Constitution. HB 1523's absence does not impair the free exercise of religion.

The movants next claim that a stay will not substantially injure the plaintiffs. The claim is inconsistent with the hearing testimony. As the above standing discussion suggests, and the

---

[4] *Gillette*'s facts cannot be stretched to paper over this finding. There, the conscientious objector statute helped save military lives by ensuring that soldiers would not be deserted in the field by a pacifist who put down his arms in the heat of battle. *See Gillette*, 401 U.S. at 453. Allowing conscientious objectors was a win-win: good for soldiers and good for conscientious objectors. HB 1523 is different. Allowing people to opt-out of serving LGBT citizens comes at the expense of LGBT citizens. The objector and only the objector "wins," while her employer, her colleagues, and the persons discriminated against have to deal with the consequences of her decision.

Memorandum Opinion explains, HB 1523 is injurious to the plaintiffs and many other Mississippians.

The final element asks whether the public interest is served by a stay. It is not. In this case the public interest is better served by maintaining the status quo – a Mississippi without HB 1523. To the extent the preliminary injunction will help alleviate the damage wrought on this State by an HB 1523-caused economic boycott, moreover, that too supports denying a stay of the injunction.

**IV. Conclusion**

The motions are denied. The baton is now passed.

**SO ORDERED**, this the 1st day of August, 2016.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE